**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**BERKLEY INSURANCE COMPANY,**

Plaintiff,

v.

**TEKCON CONSTRUCTION INC.**, *et al.*,

Defendants.

Civil Action No. 25-18957 (ZNQ) (RLS)

**OPINION**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Dismiss Plaintiff Berkley Insurance Company's ("Plaintiff") Complaint filed by Defendant Ida Dziadyk ("Moving Defendant"). ("Defendant's Motion", ECF No. 6.) Moving Defendant's Motion was accompanied by a moving brief. ("Def.'s Moving Br.", ECF No. 6-1.) Plaintiff opposed ("Pl.'s Opp'n Br.", ECF No. 7), and Moving Defendant replied ("Def.'s Reply Br.", ECF No. 9).

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will DENY Moving Defendant's Motion to Dismiss.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

Defendant Tekcon Construction, Inc. ("Tekcon") provides general contracting construction services for the commercial, government, and residential markets. ("Compl." ¶ 7, ECF No. 1.) Defendant Eric Dziadyk ("Eric Dziadyk", and together with Tekcon and Moving Defendant, "Defendants") is the President and Chief Executive Officer of Tekcon and was formerly married to Moving Defendant. (*Id.* ¶ 8.) On or about February 16, 2022, Defendants executed a General Indemnity Agreement (the "Agreement") with Plaintiff to execute bonds in furtherance of Tekcon's performance on certain construction contracts. (*Id.* ¶¶ 10–12; *see also* "Ex. A to Compl.", ECF No. 1-1.) The Agreement was executed by Eric Dziadyk on behalf of Tekcon, and Eric Dziadyk and Moving Defendant, each signing the Agreement individually. (Ex. A to Compl. at 8–9.)

The Agreement contains a broad indemnity provision requiring Defendants to indemnify and hold Plaintiff harmless from and against all demands, liabilities, and losses as a result of Plaintiff issuing the Bonds. (Compl. ¶ 13; Ex. A to Compl. § 1.01.) The Agreement further provides Plaintiff the right to demand immediate cash collateral from Defendants with respect to an indemnified claim. (Compl. ¶ 13[2]; Ex. A to Compl. § 1.01.) The Agreement entitles Plaintiff to additional forms of collateral, such as: (1) all contracts; (2) all subcontracts and purchase orders in connection with all contracts; (3) all property constituting "accounts" relating to the contracts; (4) all machinery, equipment, plans, tools and materials, and all of the work referred to in any bond or contract; (5) any and all collateral designated by Plaintiff; and (6) any and all additions,

[1] For the purpose of considering Moving Defendant's Motion to Dismiss, the Court accepts all factual allegations in the Complaint as true and considers exhibits attached to the Complaint. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013).

[2] Plaintiff's Complaint numerates two Paragraph Thirteens containing different factual allegations. For consistency, the Court maintains the same paragraph numeration found within Plaintiff's Complaint.

substitutions, replacements, returns, or proceeds of the collateral. (Compl. ¶ 14; Ex. A. to Compl. §§ 3.01, 3.02.) Moreover, the Agreement contemplates the events giving rise to a default, and it vests Plaintiff with the exclusive right, on its own or on behalf of the Defendants, to determine whether a claim for indemnification should be paid, settled, prosecuted, or defended. (Compl. ¶¶ 15–16; Ex. A. to Compl. §§ 2.01, 4.01.) Finally, the Agreement requires Defendants to provide Plaintiff with access to Defendants' books, records, and accounts. (Compl. ¶ 17; Ex. A to Compl. § 10.01.)

On November 29, 2024, Tekcon withdrew from a project it was performing for the County of Essex (the "County") involving the renovations of an administrative building for the Parks Department (the "Project"). (Compl. ¶ 18.) The County subsequently notified Tekcon and Plaintiff that Tekcon materially breached the Project's contract and demanded that Plaintiff take over and complete the Project. (*Id.* ¶ 19.) Tekcon's withdrawal from the Project constituted a default under the Agreement. (*Id.* ¶ 20.)

Plaintiff then conducted an independent investigation as to the County's claim and evaluated the status of the contract funds, subcontract financials, and the remaining scope of work and costs necessary to complete the Project. (*Id.* ¶ 21.) On March 14, 2025, Plaintiff made a written demand (the "March 14 Correspondence") to Defendants that, pursuant to the Agreement, they must hold harmless and indemnify Plaintiff for the losses incurred and about to be incurred by Plaintiff as a result of issuing the bond on the Project. (*Id.* ¶ 22.) Plaintiff, additionally, informed Defendants that it was exercising its rights to negotiate a "Takeover Agreement" with the County. (*Id.* ¶ 23.) Defendants did not reply to Plaintiff's March 14 Correspondence. (*Id.* ¶ 24.)

After Plaintiff concluded its investigation, Plaintiff entered into a Takeover Agreement with the County to assume responsibility for completing the Project. (*Id.* ¶ 25.) Plaintiff thereafter entered into an agreement with a replacement contractor to complete the Project. (*Id.* ¶ 26.) During the course of the Project's completion, Plaintiff discovered defective work performed by Tekcon that required remediation. (*Id.* ¶ 27.) Plaintiff also received twenty-seven payment bond claims from Tekcon's subcontractors and suppliers arising from the Project, and Plaintiff began investigating those claims. (*Id.* ¶¶ 29, 31.)

On June 17, 2025, Plaintiff sent correspondence to Defendants demanding that they provide Plaintiff with collateral, jointly and severally, in the amount of $6,489,873.85 to secure Plaintiff's exposure on the Project. (*Id.* ¶ 34.) Defendants failed to comply with the demand, and as such, defaulted under the Agreement. (*Id.* ¶¶ 35–36.) Defendants have also failed to indemnify Plaintiff under the Agreement. (*Id.* ¶¶ 37–45.)

Against that factual backdrop, Plaintiff initiated the present action on December 23, 2025. (*See generally id.*) Plaintiff asserts three causes of action for breach of contract: (1) the first breach of contract count seeks specific performance for the deposit of collateral in the amount of $6,489,873.85 ("Count One"); (2) the second breach of contract count seeks indemnification pursuant to the Agreement in the amount of $6,489,873.85 ("Count Two"); and (3) the third breach of contract count seeks specific performance for access to Defendants' financial books and records ("Count Three"). (*Id.* ¶¶ 52–69.)[3] Moving Defendant moved to dismiss Plaintiff's Complaint on

[3] Tekcon and Eric Dziadyk have not answered or otherwise responded to Plaintiff's Complaint, and the Clerk's Office has entered default as to them only. (*See* Mar. 3, 2026 Clerk's Office Entry of Default, ECF Docket Sheet.)

March 11, 2026.[4] (Def.'s Motion; Def.'s Moving Br.) Plaintiff opposed on April 6, 2026 (Pl.'s Opp'n Br.), and Moving Defendant filed a reply on April 15, 2026 (Def.'s Reply Br.).

## II. SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

When considering a motion to dismiss, the district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211

[4] Moving Defendant filed her Motion to Dismiss without a pre-motion letter requesting a pre-motion conference in contravention of the undersigned's judicial preferences. The Court excuses such non-compliance in this one instance. However, the parties' attorneys are directed to familiarize themselves with the undersigned's judicial preferences, which are publicly available on the United State District Court for the District of New Jersey's website.

(quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663).

The district court's role in reviewing the sufficiency of the complaint is simple: it does not determine "whether the plaintiffs will ultimately prevail," but rather "whether they are entitled to offer evidence to support their claims." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV. DISCUSSION

Moving Defendant seeks dismissal of Plaintiff's breach of contract causes of action against her for failure to state a claim under New Jersey law. (*See generally* Def.'s Moving Br.) Moving Defendant contends that the Agreement lacks consideration and that she did not unambiguously manifest her intent to personally guarantee Tekcon or Eric Dziadyk's debts. (*Id.*) Plaintiff opposes, contending that it has stated a plausible claim for relief under New York law and Moving Defendant improperly attempts to raise factual issues at the motion to dismiss stage. (*See generally* Pl.'s Opp'n Br.) Before turning to whether Plaintiff has plausibly stated a claim upon which relief can be granted, the Court addresses which law governs the present dispute.

### A. CHOICE-OF-LAW

Given that this is a diversity action, the Court must look to the choice-of-law rules of the forum state — here, New Jersey — in order to determine which body of substantive law applies to the Agreement, despite the fact that it contains a choice-of-law clause providing that New York law governs. *See Collins v. Mary Kay, Inc.*, 874 F.3d 176, 183 (3d Cir. 2017) (collecting cases).

"Ordinarily, when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice if it does not violate New Jersey's public policy." *Instructional Sys., Inc. v. Comput. Curriculum Corp.*, 614 A.2d 124, 133 (N.J. 1992) (citations omitted). New Jersey courts follow the *Restatement (Second) of Conflicts of Laws* § 187 (1969) ("Restatement") in order to determine whether a contractual choice-of-law provision should not be followed. *Id.* The Restatement provides that a contractual choice-of-law provision will lack force if:

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice of law by the parties.

*Id.* (quoting Restatement § 187(2)).

Here, the choice-of-law provision provides that the Agreement "shall be governed, construed[,] and enforced in accordance with the laws of the State of New York, exclusive of conflicts of law principles." (Ex. A to Compl. § 20.03.) Moving Defendant has not briefed whether either of the two exceptions in the Restatement apply to render the Agreement's choice-of-law provision unenforceable. Nor has Moving Defendant demonstrated why New Jersey has a materially greater interest in the application of its own contract laws or how the application of New York law would offend the public policy of New Jersey. *See Collins*, 874 F.3d at 184–85 & 184 n.7 (applying Texas law in a diversity action based in New Jersey where one of the parties, among other things, did not address the Restatement or apply Texas substantive law in its briefing). Accordingly, the Court will apply New York law to address whether Plaintiff has stated a claim for breach of contract.

**B. BREACH OF CONTRACT**

Under New York law, a plaintiff states a claim for breach of contract if he or she alleges: "(1) the existence of an agreement[;] (2) adequate performance of the contract by the plaintiff[;] (3) breach of contract by the defendant[;] and (4) damages." *Gan v. GSUIG Real Estate Member LLC*, 797 F. Supp. 3d 69, 101 (E.D.N.Y. 2025) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)). "To plead these elements, 'a plaintiff must identify what provisions of the contract were breached as a result of the acts at issue.'" *Id.* (quoting *Piuggi v. Good for You Prods. LLC*, 739 F. Supp. 3d 143, 167 (S.D.N.Y. 2024)).

Moving Defendant challenges the sufficiency of the pleadings only on prong one — the existence of a valid agreement. (*See generally* Def.'s Moving Br.) The "[e]xistence of a contract requires 'an offer, acceptance, consideration, mutual assent[,] and [the] intent to be bound.'" *Negotiatus Corp. v. Viola Inc.*, Civ. No. 24-243, 2025 WL 416021, at *4 (S.D.N.Y. Feb. 6, 2025) (quoting *Prince of Peace Enters., Inc. v. Top Quality Food Mkt., LLC*, 760 F. Supp. 2d 384, 397 (S.D.N.Y. 2011)). Here, Plaintiff's Complaint alleges that on February 16, 2022, Defendants and Plaintiff entered into the Agreement for Plaintiff to issue surety bonds for Tekcon's construction projects and, in return, Defendants would, among other things, indemnify Plaintiff for any losses and provide collateral for any obligations Defendants owed to the Plaintiff for the enforcement of Plaintiff's interests. (Compl. ¶¶ 12–14.) Moreover, the Complaint alleges that Defendants assented to the terms of the Agreement "jointly, severally, and individually[.]" (*Id.* ¶¶ 47, 53; *see also* Ex. A to Compl. at 1 (The Agreement "is made and entered into by the Undersigned (individually and collectively. . . )[.]")

Moving Defendant contends that the Complaint is devoid of any allegation that she received a benefit from signing the Agreement, and therefore, the Agreement lacks consideration.

(Def.'s Moving Br. at 10.) The Court does not agree. Plaintiff adequately alleged consideration — that it promised to issue bonds in exchange for Defendants', individual or joint, promise to indemnify Plaintiff. (Compl. ¶¶ 12–14, 53; *accord* Ex. A to Compl. at 1); *see Alessi Equip., Inc. v. Am. Piledriving Equip., Inc.*, 578 F. Supp. 3d 467, 500 (S.D.N.Y. 2022) (explaining that consideration is something "'promised, done, forborne or suffered by the party to whom the promise is made as consideration for the promise made to him.'" (quoting *Reeves Ent. Grp. v. LBS Commc'ns Inc.*, Civ. No. 91-0534, 1991 WL 135476, at *6 (S.D.N.Y. July 18, 1991))). A dispute as to the adequacy of consideration is generally a question of fact to be decided upon a more developed record and not at the motion to dismiss stage. *Daniel Goldreyer, Ltd. v. Van de Wetering*, 630 N.Y.S.2d 18, 24 (N.Y. App. Div. 1995). But "[t]he value of the consideration is not crucial as long as it is acceptable to the parties, and the general rule is that the slightest consideration may sufficiently support the most onerous contractual obligation." *Id.* (citation modified).

Moving Defendant next argues that the Agreement fails to demonstrate her unambiguous intent to personally guarantee Tekcon or Eric Dziadyk's debts. (Def.'s Moving Br. at 12–13.) The Court, again, does not agree. The notion that Moving Defendant signed the Agreement as Tekcon or Eric Dziadyk's guarantor is neither supported by the Complaint nor the Agreement attached to the Complaint. Here, Moving Defendant signed the Agreement as an indemnitor and an individual contracting party — not as a guarantor. (*See* Ex. A to Compl. at 8–9.) Moving Defendant's signature creates a presumption that she entered into a binding agreement. *See Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004); *Gillman v. Chase Manhattan Bank*, 73 N.Y.2d 1, 11 (1988) (holding that a party's signature generally creates a presumption that the party assented to the terms of the agreement). To the extent Moving Defendant seeks to rebut the

presumption her signature creates, she must submit her proofs at a later stage of the litigation. *See Desiste v. Sobande*, Civ. No. 20-6947, 2022 WL 4537914, at *6–9 (S.D.N.Y. Sep. 28, 2022) (addressing, at the summary judgment stage, assent to be bound where a party's signature appears on the contract and recognizing that a signed writing is powerful evidence of such assent); *see also In re FKF 3, LLC*, Civ. No. 13-3601, 2018 WL 5292131, at *5 (S.D.N.Y. Oct. 24, 2018) (noting that mutual assent is a question for the jury or finder of fact). At this stage, however, Plaintiff met its burden in plausibly alleging that Moving Defendant intended to be bound by the Agreement. (*See* Compl. ¶ 12; Ex. A to Compl. at 8–9.)

To summarize, Moving Defendant has sought dismissal of Plaintiff's Complaint solely for inadequately pleading the existence of a valid contract. To the contrary, the Court finds that Plaintiff pled sufficient facts plausibly establishing that a valid contract was executed here. (Compl. ¶¶ 12–14, 42, 57; Ex. A to Compl.) Accordingly, the Court concludes that Plaintiff has stated a claim upon which relief can be granted for breach of contract.

## V. CONCLUSION

For the reasons stated above, the Court will DENY Moving Defendant's Motion to Dismiss. An appropriate Order will follow.

Date: October 19, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**